[Crim. No. 2568. Second Appellate District, Division One.—September 19, 1934.]

THE PEOPLE, Respondent, v. RAMON TORRES, Appellant.

Curtis C. Taylor and Anna Zacsek for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Appellant Torres was convicted of rape, kidnaping and robbery as charged in three separate counts of the information. He appeals from the judgment and from an order denying his motion for a new trial.

On the night of October 29, 1933, Mrs. Corinne Houser with her husband and her brother George were standing beside an automobile in front of the house of her brother Lawrence. The defendant Torres with two other men drove up to the curb near the place where these people were standing. After first committing assaults upon Mr. Houser and his brother-in-law George which disabled them from further resistance, appellant and his companions forced Mrs. Houser into their own automobile and drove away with her.

Having first stopped their automobile in an isolated place the other two men got out, and appellant drove on with Mrs. Houser to another isolated place where appellant committed the crime of rape upon the woman in his automobile. At the time of these transactions Mrs. Houser was wearing a ring which was afterwards found in the possession of appellant. Although Mrs. Houser's testimony does not show that she remembers the taking of the ring, she denied that it was taken from her with her consent, and bruises on her fingers indicated that it had been violently taken off.

One cannot read the record without being thoroughly convinced that appellant is guilty of all of the crimes charged.

The grounds of appeal as stated by appellant are: That the district attorney in his address to the jury was guilty of misconduct prejudicial to appellant; that the court made remarks which were improper and prejudicial to appellant; that the court erred in refusing to give to the jury some of the instructions requested by appellant; that the court

erred in one of its rulings on admission of evidence; that the court erred in refusing to grant the motion of appellant for dismissal as to the count charging robbery; that the court erred in refusing to allow the prosecutrix to respond to questions which requested her to make a physical demonstration of the manner in which she claimed to have been raped.

■ There do not appear to have been any assignments of error directed to the alleged misconduct of the district attorney or of the trial court. While some of the epithets and phrases used by the district attorney in his address to the jury were improper and are subject to criticism, we are of the opinion that when read in connection with the entire address, and particularly in the absence of any assignment of error at the time when the words were used, they do not constitute a sufficient cause for reversal of the judgment in this case where the evidence so clearly establishes the guilt of appellant that at all events he should have been convicted.

■ Appellant claims that the court erred in refusing some of his requested instructions. None of these instructions are set forth in the brief, nor is any attempt made by appellant to show that the court did not in the instructions which it gave to the jury correctly state the law upon the questions involved in the subject covered by the requested instructions. From the additional information derived from the record and brought to our attention by the attorney-general, we are satisfied that the jury was fully and fairly instructed upon the law of the case. ■ The court did not err in refusing to grant appellant's motion for dismissal of the count charging robbery. There was evidence sufficient to justify conviction of the offense. (*People* v. *Clayton*, 89 Cal. App. 405 [264 Pac. 1105].) We are satisfied that there is no good reason for reversing either the judgment or the order denying motion for a new trial.

The judgment is affirmed and the order is affirmed.

Houser, J., and York, J., concurred.